**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

KCHANG PEN,

Petitioner,

v.

DAVID WESLING, Acting Director of the Boston Field Office, U.S. Immigration and Customs Enforcement;
TODD LYONS, Acting Director of the U.S. Immigration and Customs Enforcement
MICHAEL KROL, HSI New England Special Agent in Charge; and
KRISTI NOEM, Secretary of the U.S. Department of Homeland Security;
in their official capacities,

Respondents.

Case No. 26-10510

**PETITION FOR WRIT OF HABEAS CORPUS**
**PURSUANT TO 28 U.S.C. § 2241**

1. Respondents have unlawfully held Petitioner Kchang Pen ("Mr. Pen") in immigration detention at the Department of Homeland Security's ("DHS") U.S. Immigration and Customs Enforcement ("ICE") Boston Field Office in Burlington, Massachusetts on February 2, 2026, even though the federal government has no ability to remove him from the United States ("U.S.") in the reasonably foreseeable future.
2. Mr. Pen is a non-citizen from Cambodia who has lived in the U.S. for approximately 45 years, and who currently resides in Lowell, Massachusetts.
3. In December 1998, Mr. Pen was ordered removed to Cambodia by an Immigration Judge in Boston due to a prior Massachusetts conviction.

4. At the time of the issuance of the removal order, Cambodia did not have a repatriation agreement with the United States.
5. After being ordered removed, Mr. Pen remained in immigration detention under the custody of Immigration and Naturalization Services ("INS") and was eventually released on an Order of Supervision ("OSUP").
6. Mr. Pen has been on an OSUP since 2001 and has consistently complied with his check-in and OSUP requirements.
7. ICE has not previously obtained travel documents from Cambodia to effectuate his removal. Upon information and belief, ICE has not recently obtained any travel document requests on his behalf.
8. At this juncture, ICE has not asserted that Mr. Pen is a flight risk or danger to the community.
9. At this juncture, ICE has not asserted that Mr. Pen has not complied with his OSUP.
10. At this juncture, ICE has not shown that Cambodia will accept Mr. Pen for repatriation in the reasonably foreseeable future.
11. Yet, Respondents initiated an unlawful and unconstitutional detention of Mr. Pen. Because Mr. Pen's current detention is not tied to any legitimate purpose, it violates 8 U.S.C. §1231(a)(6) and the Substantive Due Process of the Fifth Amendment of the United States Constitution.
12. Accordingly, Mr. Pen seeks a court order requiring his immediate release and enjoining Respondents from re-detaining him unless his removal becomes significantly likely in the reasonably foreseeable future.

## JURISDICTION

13. This Court has jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, Section 9, Clause 2 of the U.S. Constitution (Suspension Clause), as Petitioner is currently in custody under the color of the authority of the U.S. in violation of the Constitution, laws, or treaties thereof.

**VENUE**

14. Venue lies in the U.S. District of Massachusetts because Petitioner is currently detained at the Boston ICE Field Office in Burlington, Massachusetts. *See* 28 U.S.C § 2241. In addition, venue is proper as Respondents are officers, employees, or agencies of the United States; a substantial part of the events or omissions giving rise to his claims occurred in this District; the Petitioner resides in this District; and no real property is involved in this action. *See* 28 U.S.C. § 1391.

**PARTIES**

15. Petitioner Pen is a resident of Massachusetts who arrived in the U.S. as a Refugee on September 30, 1981. His status was later adjusted to that of a Lawful Permanent Resident retroactive to that date. He is presently being detained for immigration purposes at the direction of the DHS's ICE Boston Field Office in Burlington, Massachusetts.

16. Respondent Wesling is the Acting Director of the ICE Boston Field Office and is being sued in his official capacity.

17. Respondent Lyons is the Acting Director of U.S. Immigration and Customs Enforcement and is being sued in his official capacity.

18. Respondent Krol is the Special Agent in Charge for Homeland Security Investigations for U.S. Immigration and Customs Enforcement and is being sued in his official capacity.

19. Respondent Noem is the U.S. Secretary of the Department of Homeland Security and is being sued in her official capacity.

## FACTS ALLEGED

20. Mr. Pen is a 49-year-old non-citizen who was born in Cambodia.

21. Mr. Pen has been a resident of the U.S. for the last 45 years. He currently lives in Lowell, Massachusetts.

22. In Cambodia, Mr. Pen's father worked as corrections officer for the government. This led his family to be targeted. Following threats against his father, Mr. Pen and his family fled during the night, traveling through rough terrain to seek safety.

23. On or around September 30, 1981, at the age of five years old, Mr. Pen entered the U.S. as a Refugee. His status was later adjusted to that of a Lawful Permanent Resident retroactive to that date.

24. In January 1998, Mr. Pen was convicted of larceny in the Middlesex Superior Court, which resulted in removal proceedings against him.

25. On or around August 5, 1998, INS served a Notice to Appear to commence removal proceedings against Mr. Pen.

26. On or around December 15, 1998, Mr. Pen was ordered deported to Cambodia by an Immigration Court judge due to his prior criminal conviction.

27. As Mr. Pen's prior attorney failed to file materials for his appeal, his appeal was dismissed on January 16, 2001. Following this, Mr. Pen was re-detained for approximately 2.5 months.

28. In May 2001, INS affirmed that, to date, they were unable to remove Mr. Pen. Because he could not be removed, Mr. Pen was released on or around May 19, 2001, and placed on an OSUP.

29. In 2002, the U.S. and Cambodia signed a Memorandum of Understanding ("MOU") allowing for the repatriation of certain Cambodian nationals with Final Orders of Removal.

30. Since the signing of the 2002 MOU between the U.S. and Cambodia, the U.S. has not successfully requested travel documents for Mr. Pen to Cambodia, and it is unknown whether attempts to secure these documents have been made.

31. In August 2005, Mr. Pen received updated OSUP paperwork, which reaffirmed that, as the INS had not yet effected his removal, he should remain under supervision.

32. Since 2001, Mr. Pen has consistently been checking in with ICE and has complied with the conditions of his OSUP. Prior to his re-detention today, he last checked in with ICE on January 16, 2026.

33. On January 7, 2026, Mr. Pen checked in with ICE as scheduled via e-mail. ICE responded and instructed him to come in person as soon as possible during any weekday.

34. Mr. Pen went to his ICE check-in on January 16, 2026, at which time, he was handed a "Notice to Removable Alien," stating that ICE intended to re-detain him.

35. At this check-in, an ICE officer told Mr. Pen that he would be detained at the next check-in and that they would try to get his travel documents while he is detained.

36. This morning, around 8:00am on February 2, 2026, Mr. Pen went to his ICE check-in as instructed by the ICE Boston Field Office. Around 10:00am, ICE officers arrested Mr. Pen and placed him in immigration custody and detention.

37. At the time of this filing, it is believed that Mr. Pen remains detained within the custody of the Boston ICE Field Office.

38. At the time ICE detained Mr. Pen's OSUP, it could have no reason to believe that Mr. Pen would be promptly removed from the United States, because no recent travel document was filed, approved or issued by Cambodia yet.

39. Neither Mr. Pen nor the attorney who accompanied him to his check-in, Eileen Morrison, were provided with a Notice of Revocation of Release. Attorney Morrison was told that would be completed after he was detained.

40. Throughout the years since his removal order, ICE has not shown that Mr. Pen is one of the individuals eligible for repatriation to Cambodia.

41. Over the past 45 years, Mr. Pen has built his life in the United States. He graduated from high school in 1995 and immediately started working as a Personal Care Attendant. He has been with his fiancée, who is a U.S. citizen, since 1999, and they have raised their two U.S. citizen children together.

42. Following a total knee replacement and gastric bypass surgery, Mr. Pen requires daily use of various supplements to maintain his own health. In addition, he supports his wife in her ongoing medical needs, including the management of her diabetes, and assists his children, who suffer from anxiety and panic attacks.

43. Mr. Pen has been working, often up to six days per week, at Trans Form Plastics Corp. in Danvers, Massachusetts, for several years, where he is a highly valued employee.

44. He is the primary earner in his family, and he pays the majority of the household expenses. In addition, he supports his family through his cooking, cleaning, yardwork, and tasks like snow shoveling.

45. In his limited spare time and when resources allow, Mr. Pen attends church or his local Cambodian temple, where he also donates his time and money.

46. Mr. Pen acknowledges the mistakes he made and is deeply remorseful. He is most concerned about his family, who he fears will be unable to afford rent, food, medicine, and other necessities should he remain detained.

## CLAIMS FOR RELIEF

### COUNT ONE – VIOLATION OF 8 U.S.C. § 1231(a)(6)

47. The foregoing allegations are realleged and incorporated herein.

48. Mr. Pen is currently in the custody of the Respondent under or by color of the authority of the United States, based on his detainment at the ICE Boston Field Office in Burlington, Massachusetts.

49. Mr. Pen's detention violates 8 U.S.C. § 1231.

50. Mr. Pen is being detained for immigration purposes when ICE knows that it cannot effect his prompt removal from the United States, that Mr. Pen is neither a flight risk nor a danger, and that he has not violated conditions of his Order of Supervision. Thus, ICE has no permissible basis for depriving Mr. Pen of his liberty, in violation of 8 U.S.C. § 1231(a)(6) as well as its respective implementing regulations. A judicial order requiring Mr. Pen's immediate release from custody would remedy Respondents' unlawful conduct.

### COUNT TWO – VIOLATION OF FIFTH AMENDMENT RIGHT TO DUE PROCESS

51. The foregoing allegations are realleged and incorporated herein.

52. Mr. Pen is currently in the custody of the Respondent under or by color of the authority of the United States, based on his detainment at the ICE Boston Field Office in Burlington.

53. Mr. Pen's detention violates the U.S. Constitution.

54. Mr. Pen is being detained for immigration purposes when ICE knows that it cannot effect his prompt removal from the United States, that Mr. Pen is neither a flight risk nor a danger and that he has not violated conditions of his Order of Supervision. Thus, ICE has no permissible basis for depriving Mr. Pen of his liberty, in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

55. A judicial order requiring Mr. Pen's release from custody would remedy Respondent's unlawful conduct.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

A. Assume jurisdiction over this matter;

B. Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

C. Order Respondents to immediately release Mr. Pen from DHS ICE custody;

D. Order that Respondents can revoke Mr. Pen's OSUP and re-detain him only if they successfully obtained his travel documents;

E. Order that Petitioner shall not be transferred outside the District of Massachusetts pending this Petition;

F. Order that Respondents provide the Court and Mr. Pen's counsel with at least two days' notice prior to any removal from Massachusetts;

G. Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

H. Award Petitioner attorney's fees and costs pursuant to the Equal Access to Justice Act, and on any other basis justified under the law; and

I. Grant any further relief this Court deems just and proper.

Respectfully submitted,

KCHANG PEN

By his attorney,

*<u>/s/ Alysia Madan</u>*
Alysia Madan, BBO# 709423
Greater Boston Legal Services
197 Friend Street
Boston, MA 02114
(617) 603-1808
AMadan@gbls.org

Dated: February 2, 2026

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Kchang Pen, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Write of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 2nd day of February 2026.

*/s/ Alysia Madan*
Alysia Madan