UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KCHANG PEN,<br><br>Petitioner,<br>v.<br><br>DAVID T. WESLING, Acting Director of Boston Field Office, *et al*.<br>Respondents. | No. 1:26-cv10510-RGS |

**RESPONDENTS' RESPONSE TO ECF No. 11**

Respondents respectfully submit this reply pursuant to the Court's Order, ECF No. 11, addressing the applicability of 8 C.F.R. § 241.13 in this case. While 8 U.S.C. § 1231(a)(3) is silent as to revocation procedures for individuals like Petitioner who are released pursuant to an OSUP, ICE has issued Post-Order Custody Regulations ("POCR") contained at 8 C.F.R. § 241.4 and 8 C.F.R. § 241.13 to set forth procedures concerning custody reviews, release from ICE custody, and revocation of release for individuals with final orders of removal. By regulation, ICE has significant discretion to revoke an OSUP and return an individual to custody. *See Leybinsky v. U.S. Immigr. & Customs Enf't,* 553 F. App'x 108, 110 (2d Cir. 2014) (Remarking on the "broad discretionary authority the regulation grants ICE" to revoke release."); *Rodriguez v. Hayes*, 591 F.3d 1105, 1117 (9th Cir. 2010) (Explaining that while the revocation regulation "provides the detainee some opportunity to respond to the reasons for revocation, it provides no other procedural and no meaningful substantive limit on this exercise of discretion ….."); *Tanha v. Warden, Baltimore Det. Facility*, 2025 WL 2062181, at *5 (D. Md. July 22, 2025).

The initial custody determination, described in paragraph (h), and any further determination concluded in the three-month period immediately following the expiration of the

90-day removal period will be made by the District Director or the Director of the Detention and Removal Field Office having jurisdiction over the alien. 8 C.F.R. § 241.4(c)(1). If the alien has not been released or removed by the expiration of the three-month period after the initial review (the 180-day point of detention), further custody determinations are to be conducted by the Headquarters Post-Order Unit (HQPDU). *Id*. § 241.4(c)(2). Revocations of OSUPs by the HQPDU are governed by 8 C.F.R. § 241.13(i). 8 C.F.R. § 241.4(h)(3) states that the District Director Director of the Detention and Removal Field Office's review will include **but is not limited to** consideration of the factors described in paragraph (f) (relating to immigration violations, criminal history, favorable factors, among others factors) of this section and that the District Director must be able to reach the conclusions in paragraph (e) (availability of a travel document, threat to the community, risk of flight, among other factors). *Id*. § 241.4(h)(3) (emphasis added).

Petitioner submitted the Decision of Post Order Custody-Review, dated May 17, 2001, signed by the District Director of the local Field Office, in Boston, Massachusetts, which states that the (former) INS has been unable to remove him form the United States as ordered on January 16, 2001. ECF No. 1-7. Based on this document, Petitioner's release and review was conducted by local INS, now ERO, and not the HQDPU. *See id*. This is because the 90-day removal period would have expired on or about April 16, 2001, and the three months after that would have concluded approximately July 16, 2001, so the release would not have been conducted by HQDPU. *See* 8 C.F.R. § 241.4(c)(2). The reasoning in the May 17, 2001 release decision, namely that INS has been unable to remove Petitioner, speaks to the conclusion which must be made under paragraph (e), the availability of a travel document, by the District Director. *See* ECF No. 1-7. While the decision, ECF No. 1-7, itself does not appear to list the other factors in paragraph (f) which would have been considered in the District Director's review, it does not mean that the

inability to remove Petitioner at that time was the *only* reason for the decision to release, especially where the availability of a travel document must be considered. 8 C.F.R § 241.4(h)(3). The release document does not demonstrate that the Service, which would be HQDPU rather than the District Director, determined there was no significant likelihood of removal in the reasonably foreseeable future after an alien has requested review or provided good reason to believe that removal is not reasonably foreseeable. *See* ECF No. 1-7; *see also* 8 C.F.R. § 241.13(a)-(b). As such, Petitioner's prior release appears to be under 8 C.F.R. § 241.4, rather than 8 C.F.R. § 241.13.

ICE can revoke release when an individual violates conditions of release. 8 C.F.R. § 241.4(l)(1). Additionally, ICE can revoke release when "[t]he purposes of release have been served," when "[i]t is appropriate to enforce a removal order or to commence removal proceedings against an alien," or when "[t]he conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate." *Id.* § 241.4(l)(2)(i)-(iv). When ICE revokes release of an individual under either provision, ICE must conduct an "informal interview" to advise the individual of the basis for revocation and must also serve the individual with a written notice of revocation. 8 C.F.R. § 241.4(l). If ICE determines revocation remains appropriate after conducting the informal interview, then ICE will provide notice to the individual of a further custody review where the alien can provide information that ICE can consider in making a further custody determination. 8 C.F.R. § 241.4(l)(3); *Jimenez v. Cronen*, 317 F. Supp. 3d 626, 651 (D. Mass. 2018) (Explaining that for an alien detained beyond the removal period, no advance notice prior to detention is required, but the custody review should occur within 30 days of detention).

Here, ICE issued Petitioner a written revocation notice signed by an Acting Field Office Director explaining that ICE revoked Petitioner's release pursuant to 8 C.F.R. § 241.4 on account of ICE's determination that the purpose of Petitioner's release had been served, it is appropriate to

enforce the removal order, and that ICE is seeking a travel document from Cambodia for his removal. *See* ECF No. 7-1. Petitioner claims that because the Notice of Revocation references "changed circumstances", then 8 C.F.R. § 241.13 must apply. *See* ECF No. 10 at 8. That argument is unavailing because the Notice of Revocation cites to § 241.4 and has language from the regulation that "the purpose of release has been served" and "it is appropriate to enforce the removal order." *See* ECF 7-1; *see also* 8 C.F.R. § 241.4(l)(2)(i), (iii). As discussed *supra*, the release in 2001 was conducted per 8 C.F.R. § 241.4, rather than § 241.13.

Therefore, by revoking release, ICE complied with the regulations that allow revocation when ICE determines that it "is appropriate to enforce a removal order." 8 C.F.R. § 241.4(l)(2). Courts recognize the ample discretion the regulations provide to ICE to make the determination to revoke an OSUP and return an individual to custody under Section 241.4. As explained by another session of this Court, when ICE "determined that revocation was necessary to initiate Doe's removal … [n]o further justification was required." *Doe v. Smith*, No. CV 18-11363-FDS, 2018 WL 4696748, at *11 (D. Mass. Oct. 1, 2018). Other courts recognize similarly. *See e.g., Cruz Medina v. Noem*, 794 F. Supp. 3d 365, 382 (D. Md. 2025) (Finding no support to contention that "the existence of a withholding-of-removal order renders inapplicable the regulation authorizing detention to 'enforce a removal order.'"); *Tanha*, 2025 WL 2062181, at *5 (Explaining that "the regulation does not compel the Government to demonstrate what facts or factors, if any, it based its decision to revoke under subsections (i), (iii), or (iv)"); *Roe v. Oddo*, 2025 WL 1892445, at *8 (W.D. Pa. July 9, 2025) (Explaining that the court would not "scrutinize ICE's discretionary decision" to determine that "it was appropriate to enforce [p]etitioner's removal order").[1]

[1] Respondents recognize, but respectfully disagree, with the reasoning to the contrary set forth by this Court in *Nguyen v. Lyons*, No. 26-cv-10226-JEK (D. Mass. Jan. 29, 2026) and *Perez-Escobar v. Moniz*, 792 F. Supp. 3d 224 (D. Mass. 2025).

There is no requirement for a finding of changed circumstances for a revocation under Section 241.4. Such requirement only exists if revocation is done under § 241.13, which does not appear to be the case here. Because Petitioner's May 2001 release was pursuant to custody review required under 8 C.F.R. § 241.4, and as another session of this Court recently explained, under § 241.4, "ICE could properly revoke petitioner's OSUP to enforce its prior removal order without making a finding that, due to changed circumstances, there is a significant likelihood of petitioner's removal in the reasonably foreseeable future." *Martinez v. Hyde*, 2025 WL 3719656, at *2 (D. Mass. Dec. 23, 2025); *see also* ECF No. 1-4. Petitioner cannot contend that ICE violated the regulations at 8 C.F.R. § 241.4 by failing to conduct the informal interview upon revocation of the OSUP. *See* ECF No. 7-1.

Based on the above, there is no basis to find Petitioner's detention unlawful under regulation or the Constitution. *See Thai v. Hyde*, 788 F. Supp. 3d 57, 61 (D. Mass. 2025). As explained by this Court if "the government in granting discretionary relief to an alien foreswears its ability to later detain an alien as part of the removal mechanism, then the government would have every incentive to abstain from any favorable exercise of discretion." *Rodriguez-Guardado,* 271 F. Supp. 3d at 335. Similarly, "[it] does not withstand scrutiny to suggest that upon securing the liberty afforded by an OSUP, after six months have passed, a non-citizen has effectively been granted a shield to guard himself from detention upon revocation while removal is in process." *Tanha v. Warden, Baltimore Det. Facility*, No. 1:25-CV-02121-JRR, 2025 WL 2062181, at *8 (D. Md. July 22, 2025).

Dated: February 26, 2026,

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Erica McMahon*
Special Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3271
Email: Erica.McMahon@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Erica McMahon, Special Assistant United States Attorney, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants.

Dated: February 26, 2026

By: */s/ Erica McMahon*
Special Assistant United States Attorne