**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KCHANG PEN )<br><br>    Petitioner, )<br><br>v. )<br><br>)<br><br>)<br><br>)<br><br>)<br>DAVID WESLING, Acting Director of the )<br>Boston Field Office, U.S. Immigration and )<br>Customs Enforcement, *et. al.*, )<br><br>)<br>    Respondents. )<br>_____ ) | Case No. 1:26-cv-10510-RGS<br><br>**MOTION PURSUANT TO**<br>**RULE 60(b)(2)** |

**PLAINTIFFS' RULE 60(b)(2) MOTION FOR**
**RELIEF FROM FINAL JUDGMENT AND**
**MOTION FOR AN ORDER STAYING MR. PEN'S REMOVAL**

In accordance with Federal Rule of Civil Procedure 60(b)(2), the Plaintiff in *Pen v. Wesling et al.*, No. 1:26-cv-10510-RGS, seeks relief from this Court's March 10, 2026, judgment on Plaintiff's claim denying his petition for habeas corpus. This motion seeks relief under Fed. R. Civ. P. 60(b)(2) based on newly discovered evidence – namely, that yesterday, March 23, 2026, Mr. Pen obtained vacatur in the Middlesex Superior Court of the conviction that forms the sole basis for his removal order.

In 1981, at five years old, Mr. Pen entered the United States as a Refugee from Cambodia. He adjusted to Lawful Permanent Resident status, which was backdated to his date of entry. He was ordered removed by an Immigration Judge in 1998 solely because of his conviction for larceny from a person that same year. Yesterday, with the Commonwealth's assent, Mr. Pen obtained vacatur of that conviction in the Middlesex Superior Court. *See* Court Dockets 9681 CR 379 and 9881 CR 0074 ("Court Dockets"), **Exhibit R** (noting that on March 23, 2026, Mr. Pen's Motion to Vacate Plea or

for a New Trial was "allowed").[1] A subsequent hearing on this matter is next Friday, April 3, 2026.

Mr. Pen now has no criminal convictions. As such, he intends to file a motion to reopen his immigration case expeditiously. Counsel believes that Immigration and Customs Enforcement ("ICE") intends to place Mr. Pen on a plane headed to Cambodia today or tomorrow.[2] Mr. Pen asks this Court to order that Mr. Pen not be removed from the United States until his motion to reopen has been adjudicated by the immigration court.

Additionally, Plaintiff's counsel has become aware of concerning reports that, due to capacity and resource constraints, the Cambodian government intends to place repatriated nationals from this week's flight in a government holding facility, rather than connect them with a non-governmental organization whose purpose is to support reintegration, as outlined under the addendum to the 2002 Memorandum of Understanding. *See* MOU; Morrison Second Supplemental Affidavit ("Morrison Second"). In direct violation of the terms of the MOU and its addendum, individuals like Mr. Pen are at risk of prolonged detention in Cambodia unless and until they are able to pay a $5,000 to $10,000 payment to obtain their release. *Id.* As there no continued basis for Mr. Pen's removal to Cambodia, the United States government should not be permitted to place Mr. Pen in a situation where a foreign government is requiring a payment in exchange for his liberty. Court Dockets; Morrison Second. Should Mr. Pen be unlawfully removed to Cambodia, he will seek damages under the Federal Tort Claims Act. *See Kong v. United States*, 62 F.4th 608, 618-620 (1st Cir. 2023).

Mr. Pen could not have previously discovered this evidence because it did not previously exist. Thus, pursuant to Rule 60(b)(2) the Court should set aside its ruling against the Plaintiff's habeas corpus filing. We respectfully request that this Court issues an order that Mr. Pen not be

---

[1] The above-captioned cases involve the same allegations. The 1998 indictment was obtained in order to add an additional indictment (conspiracy to commit larceny) as part of a breakdown negotiation involving the original 1996 indictment for armed robbery while masked (amended down to larceny from a person). *See* Court Dockets.

[2] Despite multiple requests by Plaintiff's counsel, ICE has not confirmed its removal plans or provided copies of any travel documents secured for Mr. Pen.[1]

removed from the United States until his motion to reopen has been adjudicated by the immigration

court.

Respectfully submitted,

KCHANG PEN

By his attorney,
*/s/ Alysia Madan*
Alysia Madan, BBO#709423
Greater Boston Legal Services
197 Friend St.
Boston, MA 02114
585-406-4354
amadan@gbls.org

Dated: March 24, 2026

## CERTIFICATE OF LOCAL RULE 7.1(a)(2)

I, Alysia Madan, certify that, on March 23, 2026, I conferred with opposing counsel, Erica

McMahon, Special Assistant United States Attorney. Attorney McMahon states that the government

opposes this motion.

*/s/ Alysia Madan*
ALYSIA MADAN

## CERTIFICATE OF SERVICE

I, Alysia Madan, certify that, on March 24, 2026, this RULE 60(b)(2) MOTION FOR RELIEF FROM FINAL JUDGMENT AND MOTION FOR AN ORDER STAYING MR. PEN'S REMOVAL was filed with the Court's CM/ECF filing system, which will send an electronic notification and service of the brief to all parties in the case.

*/s/ Alysia Madan*
ALYSIA MADAN