UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KCHANG PEN,

Petitioner,

v.

DAVID T. WESLING, Acting Director of Boston
Field Office, *et al*.
Respondents.

No. 1:26-cv10510-RGS

## RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION TO SET ASIDE JUDGMENT

Respondents respectfully oppose Petitioner's Motion to Set Aside Judgment under Federal Rule of Civil Procedure 60(b)(2). As an initial matter, since this Court issued an Order dismissing the habeas petition on March 10, 2026, Petitioner's motion should have actually been filed under Federal Rule of Civil Procedure 59(e) ("a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").[1] In any event, the instant motion must be denied as this Court lacks jurisdiction to order the relief ultimately requested—review of the circumstances underlying his removal order and to stay his imminent removal to Cambodia.

## ARGUMENT

Petitioner "asks this Court to order that [he] not be removed from the United States until his motion to reopen has been adjudicated by the immigration court." ECF No. 20 at 2. Congress, however, has stripped this Court of jurisdiction to review Petitioner's removal order or the process by which his removal order was entered.  This claim must be raised administratively through an

---

[1] It does not appear that the Federal Rules Governing Section 2254 cases covers such a motion, and that the requirements of Rule 9, Second or Successive Petition, have not been followed.

motion to reopen before the Immigration Court, with a request for stay of removal, and then an appeal of such a decision to the Board of Immigration Appeals ("BIA"), or the First Circuit, not to this Court through a Habeas Petition.[2]

The INA mandates that "judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). The INA further commands that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5); *see also* 8 U.S.C. § 1252(g) ("except as provided and notwithstanding any other provision of law, including section 2241 of title 28, or any other habeas corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.").

These jurisdiction-stripping provisions apply not just to challenges to the removal decision, but to challenges to the removal process. *See Aguilar v. U.S. Immigr. & Customs Enf't Div. of Dep't of Homeland Sec.*, 510 F.3d 1, 9 (1st Cir. 2007) (Explaining that the "reach of section 1252(b)(9) is not limited to challenges to singular orders of removal or to the removal proceedings simpliciter."). As the *Aguilar* court explained, Section 1252(b)(9) is "designed to consolidate and

---

[2] Petitioner does not provide that any motion to reopen has been filed with the Immigration Court since the local state court allowed his motion to vacate plea and for a new trial—which was only filed after this Court denied his Petition earlier this month. *See generally*, ECF No. 20 at 2; *see also* ECF No. 20-1. As discussed *infra*, he remains subject to a final removal order under 8 U.S.C. § 1231.

channel review of all legal and factual questions that arise from the removal of an alien into the administrative process, with judicial review of those decisions vested exclusively in the courts of appeals." *Id.* at 9.

Congress further amended these provisions in 2005 in direct response to *INS v. St. Cyr*, 533 U.S. 289 (2001), where the Supreme Court held that the jurisdiction-stripping provisions of the INA could not be read to repeal habeas jurisdiction because Congress had not voiced its intention to do so with sufficient clarity. *Id*. at 298; H.R. Conf. Rep. No. 109-72, at 174 (2005). The REAL ID Act of 2005, expressly extended the application of the channeling and jurisdiction-stripping provisions of the INA to "include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision." 8 U.S.C. § 1252(a)(5); *see also* 8 U.S.C. § 1252(b)(9). By channeling review of all claims to the courts of appeals, Congress sought to eliminate the "bifurcated and piecemeal" review of claims arising out of orders of removal. H.R. Conf. Rep. No. 109-72, at 173-75 (2005); *see also Ishak v. Gonzales*, 422 F.3d 22, 28 (1st Cir. 2005) ("enactment of the Real ID Act . . . in the plainest of language, deprives the district courts of jurisdiction in removal cases.").

Consistent with the legislative intent of the statute, the First Circuit has described the expanse of § 1252(b)(9) as "breathtaking" and "vise-like," aiming "to consolidate *all* questions of law and fact that arise from either an action or a proceeding brought in connection with the removal of an alien." *Aguilar*, 510 F.3d at 9 (emphasis in original) (internal quotations omitted). In *Aguilar*, the First Circuit explained that an alien "cannot escape the vise-like grip of section 1252(b)(9) by the simple expedient of banding together claims consigned by law to administrative channels, declining to raise them within the ambit of removal proceedings per se, and maintaining that those unexhausted claims do not implicate a particular removal determination." *Id.* This,

3

however, is exactly what Petitioner is attempting to do through this motion—raise a claim that he must present with the Immigration Court—with this Court in the first instance. This Court, however, lacks jurisdiction over such claim under the plain language of the INA.

The First Circuit has acknowledged, however, that the jurisdiction stripping provisions are not limitless, and it has read the statute to exclude claims that are "independent of, or wholly collateral to, the removal process," not simply the removal order or decision itself. *Id*. at 11. The First Circuit held in *Aguilar* that Section 1252(b)(9) does not "sweep within its scope claims with only a remote or attenuated connection to the removal of an alien" as those claims could not be raised in a PFR. *Id.* at 10. Concerned that a too broad reading might effectively preclude judicial review for certain claims, the First Circuit looks to the availability of administrative and judicial review through the filing of a PFR to determine if a claim is subject to the channeling provisions. *Id.* at 13-14. The First Circuit considers whether denying the district court jurisdiction would "foreclose all meaningful judicial review," evaluating if the claim can be raised in a PFR and how frequently such claims are raised. *Id.* at 12-14.

Here, because Petitioner's challenge to his removal order is based on an allowed motion to vacate his plea to a deportable offense, there is no claim which can be made to say that such challenge is independent or collateral to the removal process. *See id*. at 11. As such, this claim should be raised to the Immigration Court, through the appellate process at the BIA, and then through the PFR process to a court of appeal; and stripping the district court of jurisdiction over such claim does not deny meaningful judicial review. Thus, Petitioner's claim is covered by section 1252(b)(9) and the INA strips this Court of jurisdiction to consider it.

This conclusion is supported by ample and recent precedent from the First Circuit. For example, in *Gicharu*, the alien claimed that the district court should have rescinded his final order

of removal because the BIA allegedly failed to serve his removal order upon him in a timely fashion. 983 F.3d at 15. The First Circuit held the district court lacked jurisdiction to consider such claim because it should have been raised administratively via a motion to reopen before being presented to the circuit court through a PFR, explaining that claims regarding insufficient service plainly arise from the removal process. *Id.* at 17. The court explained that such claims "are regularly raised through the BIA's administrative process and brought before this court through petitions for review." *Id.* Specifically, the court pointed to the availability of adjudicating claims regarding the validity of the removal order "through a motion to reopen" and noted that an alien who satisfies "the governing standards prevails in obtaining reopening."

The First Circuit explained that Gicharu's "request that we compel the BIA to 'rescind' the final order of removal necessarily rests on a contention that something occurred in connection with the issuance of that order that renders it inequitable to leave in place." *Id.* However, that contention "arises from the removal proceedings, and our acceptance of it would require our review of precisely the same issues" that could have been raised administratively, thus contradicting the plain language and Congressional intent of Section 1252(b)(9). *Id.*

With administrative review through the filing of a motion to reopen, an appeal of such denial, and judicial review before a circuit court available, there is plainly no basis for district court review of Petitioner's removal order or the circumstances that led to such order. This Court as well as others, within this district routinely conclude they lack jurisdiction over such claims raised through habeas petitions. *See e.g.*, *Rodriguez-Guardado v. Smith*, 271 F. Supp. 3d 331, 337 n. 11 (D. Mass. 2017) ("Petitioner's articulated concern that he cannot adequately pursue further appellate review, should the BIA deny his motion to reopen and he is deported, is at best speculative, and in any event, a matter for the Court of Appeals to address."); *Vega-Del Roquel v.*

5

*Barr,* 568 F. Supp. 3d 73, 76 (D. Mass. 2021) (Explaining that "[o]nly claims that are not related in any way to the removal process are beyond the scope of [Section 1252(b)(9)] and therefore within the jurisdiction of federal district courts."); *Gomes v. Smith,* 381 F. Supp. 3d 120 (D. Mass. 2019) ("petitioner's habeas claims are part and parcel to his challenge to removal. As such, this Court lacks jurisdiction to adjudicate his transmuted habeas claims.").

Petitioner omits any facts to suggest that this motion, and request for stay of removal, does not arise from challenging his removal proceedings. *See generally*, ECF No. 20. Nor does Petitioner provide any legal authority which contradicts the jurisdiction stripping provisions in 8 U.S.C. § 1252. *See id.* Even if jurisdiction was proper before the Court, Petitioner additionally fails to allege that he filed a motion to reopen and a motion to stay removal with the Immigration Court. *See id.* ("As such, he intends to file a motion to reopen his immigration case expeditiously."). Filing of such a motion does not change that he is currently, and permissibly as this Court concluded, detained pursuant to 8 U.S.C. § 1231.  *See* 8 C.F.R. § 241.4(b)(3) (An alien who has filed a motion to reopen immigration proceedings for consideration of relief from removal, including withholding or deferral of removal pursuant to 8 CFR § 208.16 or 208.17, shall remain subject to the provisions of this section unless the motion to reopen is granted.").

As explained by another session of this Court: "Put simply, there is a procedure to address such claims, and that procedure does not involve this Court. The Court is unwilling to ignore or defy the law, even in highly sympathetic circumstances.  To do so would be a fundamental violation of its most basic responsibilities." *Doe v. Smith,* No. CV 18-11363-FDS, 2018 WL 4696748, at *3 (D. Mass. Oct. 1, 2018). As such, Respondents implore this Court to deny the motion.

Dated: March 24, 2026                                    Respectfully submitted,

                                                         LEAH B. FOLEY
                                                         United States Attorney


                                        By:      */s/ Erica McMahon*
                                                 Special Assistant United States Attorney
                                                 United States Attorney's Office
                                                 1 Courthouse Way, Suite 9200
                                                 Boston, MA 02210
                                                 Tel.: 617-748-3271
                                                 Email: Erica.McMahon@usdoj.gov


## **CERTIFICATE OF SERVICE**

I, Erica McMahon, Special Assistant United States Attorney, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants.


Dated: March 24, 2026                              By: */s/ Erica McMahon*
                                                   Special Assistant United States Attorney